BEFORE THE FIRST DIVISION, MARCH 1, 1951

**No. 55275.**—Colberg Trading Company *v.* United States, protest 151838–K (New York).

OLIVER, Chief Judge:   The article before us is an all-plastic item, measuring approximately 2″ in length and 1½″ in diameter.   It is designed to be placed in a door so that a person inside can observe a caller without the necessity of first opening the door.   When inserted in the door the outside presents a glass-like surface about 1″ in diameter.   The inside, or house side, of the device has an eyepiece measuring about ½″ in diameter.   The entire device is of plastic construction, no glass lenses being employed.   The clear glass-like portions are also made of plastic (plaintiff's exhibit 1).

The merchandise was assessed with duty under paragraph 228 (b) of the Tariff Act of 1930 at the rate of 45 per centum ad valorem as optical instruments.   At the trial the plaintiff, a partnership, was represented by one of the partners in person.   In court, the plaintiff moved to amend its protest to include a claim under paragraph 1558 of the Tariff Act of 1930 as nonenumerated manufactured articles at the rate of 20 per centum ad valorem.   There being no objection, the motion was granted.

In the Dictionary of Tariff Information, September 1924 edition, page 540, we find:

**Optical Goods.**   Optical instruments are used primarily to aid or extend human vision; they also include apparatus which depends for its operation on the passage of light through prismatic or lenticular glass.

Lenses and prisms are the primary constituents of optical instruments.   Lenses are used for three purposes: (1)   To concentrate and direct a ray of light (searchlight and automobile lenses); (2)   to project a perfectly clear image on a sensitized plate (photography) or screen (motion pictures); (3)   to magnify an image so that greater detail may be observed by the eye.   *   *   *

In Webster's New International Dictionary, 1948 edition, page 1711:

**optical,** *adj.*   *   *   *   **3.**   Constructed to aid the vision as by magnifying;   *   *   *   .

The article here in question does not magnify. A person observed through it, while seen at a distance, yet is viewed in normal size. Further, all instruments used in conjunction with the eye may not be optical instruments as their use may be otherwise than as aids to vision. The use of the article here is otherwise than as an aid to vision. It is merely a device attached to a door through which a person may observe and identify another person without himself being seen.

On this record, we are satisfied that the article before us (exhibit 1), being made of plastic and with no optical lenses included, is not dutiable as an optical instrument, notwithstanding the fact that looking through it an observer is enabled to see the figure of a person standing on the other side of a closed door. We do find this article to be a nonenumerated manufactured article and as such properly dutiable as claimed at the rate of 20 per centum ad valorem under the provisions of paragraph 1558, Tariff Act of 1930.

The protest is sustained. Judgment will be rendered accordingly.